IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RONNIE RAY STRONG**                                                                                       **PETITIONER**

**V.**                                                      **NO. 3:16-CV-113-DMB-RP**

**STATE OF MISSISSIPPI, et al.**                                                   **RESPONDENTS**

## ORDER OF TRANSFER

This matter is before the Court, sua sponte, for consideration of the transfer of this case. On June 13, 2016, Ronnie Ray Strong filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi challenging his July 8, 2011, sentence for possession of a firearm by a convicted felon. Doc. #1 at 1-2. Strong has filed at least three other unsuccessful § 2254 motions concerning the same conviction. *See Strong v. Mississippi*, No. 2:12-cv-143 (N.D. Miss. Aug. 3, 2012) (Doc. #1); *Strong v. Mississippi*, No. 3:14-cv-178 (N.D. Miss. Sep. 2, 2014) (Doc. #7); and *Strong v. Mississippi*, No. 3:15-cv-66 (N.D. Miss. Apr. 27, 2015) (Doc. #1).

The Antiterrorism and Effective Death Penalty Act "requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a second or successive petition for relief in federal district court." *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) (internal quotations omitted). "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Id.*[1] Where

---

[1] Strong includes with his petition the first page of an order filed May 27, 2015, in the Circuit Court of Panola County, Mississippi. Doc. #1 at 7. The order, on Strong's pro se petition for post-conviction relief, sets aside his conviction and vacates his sentence on Count 2, felon-in-possession of a weapon, dismissing that count without prejudice. *Id.* The stated reason is that the indictment failed to charge Strong with an essential element of the crime. *Id.* It is unclear whether Strong has been retried on the charge or whether Strong's conviction on Count 2, pursuant to nolo contendere plea, affected his sentences under Mississippi's habitual offender statute. It is also unclear whether Strong has yet been resentenced. It is therefore possible that this action may be moot. Nevertheless, to the extent authorization is jurisdictional, Strong must still obtain an order from the Fifth Circuit authorizing its filing in

a petitioner bringing a second or successive petition has failed to obtain the required authorization in this judicial district, a district court may transfer the pending petition to the Fifth Circuit Court of Appeals to allow it to make a determination on the propriety of the action. *See In re Pruett*, 784 F.3d 287, 291 (5th Cir. 2015) (affirming transfer order).

Here, Strong has not obtained an authorization for this successive petition. Accordingly, the Clerk of Court is **DIRECTED** to (1) transfer this petition and the corresponding record to the Fifth Circuit Court of Appeals for Strong to seek leave to file a second or successive petition under 28 U.S.C. § 2254(3)(A) and (2) close this case on the docket of the District Court for the Northern District of Mississippi.

**SO ORDERED**, this 12th day of May, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

this district court.